SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

**pro hac vice* application to be filed

[Additional counsel appearing on signature page]

*Counsel for Plaintiff and the putative class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD APPLEWHITE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CASHCALL, INC., a California corporation,<br><br>*Defendant*. | Case No. **'13CV0035 AJB BLM**<br><br>**CLASS ACTION COMPLAINT** |

# CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Richard Applewhite brings this class action complaint against Defendant CashCall, Inc., to stop Defendant's practice of making unsolicited phone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant CashCall, Inc. is a lender that makes small, unsecured cash loans to consumers at very high interest rates.

2. Defendant also engages in unlawful and unfair debt collection practices, including harassing borrowers with excessive and verbally abusive telephone calls at all hours of the day, threatening to initiate law enforcement and wage garnishment proceedings against borrowers without any basis for doing so, and continuing to contact borrowers by phone after receiving requests that Defendant contact them only in writing.

3. Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

4. Neither Plaintiff Applewhite, nor the other members of the proposed Class, ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose, nor did they consent to have Defendant make telephone calls to those telephone numbers.

5. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

6. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff Applewhite, nor the other members of the putative Class, ever provided their cellular telephone

numbers to Defendant or any other entity for any purpose related to a debt, and never provided Defendant consent to be called on their cellular telephones.  Even more egregiously, Defendant has made calls to consumers' cell phones even though they owed no debt to Defendant whatsoever.

7. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Richard Applewhite is a natural person and citizen of the State of California.

9. Defendant CashCall, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1600 South Douglas Road, Anaheim, California 92806. CashCall does business throughout the United States, the State of California and in this District.

**JURISDICTION AND VENUE**

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., which is a federal statute.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including directing telephone calls here, customer solicitation, entering into consumer contracts, and lending money to consumers residing here.

**COMMON FACTUAL ALLEGATIONS**

12. Defendant placed and continues to place repeated and harassing phone calls to consumers who have a debt held by Defendant and who never provided the number called to Defendant.  Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

13. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant. Instead, a person may start receiving calls as the result of Defendant's skip tracing, which has revealed that the call recipient has some connection to the actual debtor. These connections could include being a relative or roommate, but also include cellular phone numbers once used by the debtor, but which no longer belong to that person.

14. Defendant has placed calls for the purpose of debt collection to tens of thousands of consumers in the past four years.

15. In or around 2006, Plaintiff received loan from Defendant CashCall. At the time of he applied for the loan, Plaintiff provided a cellular telephone number beginning with area code 303. Plaintiff did not, at any time, provide Defendant with any other telephone number.

16. However, in the time since Plaintiff applied for a loan from Defendant, Defendant has repeatedly made harassing telephone calls to an entirely different telephone number belonging to Plaintiff beginning with area code 562. Defendant made and continues to make these unauthorized and harassing telephone calls to Plaintiff, as often as 3 to 4 times a week.

17. Plaintiff never provided the 562 telephone number to Defendant, never consented to receive telephone calls from Defendant at that number, did not provide the telephone number on his loan application, and did not provide the telephone number to Defendant in any other capacity at the time Defendant provided Plaintiff with a loan.

18. When Plaintiff answered these calls, Plaintiff heard an artificial or prerecorded voice informing him to "hold for the next available agent."

19. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

20. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make telephone calls to a cellular telephone number he did not provide on his loan application, nor did Plaintiff provide Defendant with that cellular telephone number in any capacity.

21. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All individuals in the United States who received a telephone call, made by or on behalf of Defendant, on a cellular telephone number that the call recipient did not provide directly to Defendant at the time he or she applied for the loan underlying the alleged debt that is the subject matter of the telephone calls.

23. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendant used to make the telephone calls in

question was an automatic telephone dialing system as contemplated by the TCPA;

(c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

(d) whether Defendant utilized an artificial or prerecorded voice in making telephone calls to Plaintiff and the putative Class;

(e) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express

- 5 -

consent to receive such calls.

30.  Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31.  Defendant and its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32.  Defendant and its agents utilized artificial or prerecorded voice messages in making the telephone calls.

33.  By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

34.  By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an artificial or prerecorded voice, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

35.  As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

36.  Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richard Applewhite, individually and on behalf of the Class, prays for the following relief:

1.  An order certifying the Class as defined above, appointing Plaintiff Richard Applewhite as the representative of the Class, and appointing his counsel as Class Counsel;

2.  An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: January 7, 2013    EDELSON MCGUIRE LLP

By: /s/ Sean P. Reis
    One of his Attorneys

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

D. FRANK DAVIS*
fdavis@davisnorris.com
JOHN E. NORRIS*
jnorris@davisnorris.com
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 930-9900

*pro hac vice* application to be filed